HARRY EDMOND REAVES,

            Plaintiff,

            **MEMORANDUM & ORDER**

-against-

            10-CV-1731 (RJD)

CITY OF NEW YORK,

            Defendant.
-----------------------------------------------------------x
DEARIE, District Judge.

      Pro se plaintiff Harry Edmond Reeves initially brought this action pursuant to 42 U.S.C. § 1983 against various state and city children's services agencies and the Commissioner of the Department of Corrections seeking to vindicate his parental rights. He claimed his children were placed in foster care and made eligible for adoption without his consent.

      By Order dated June 4, 2010, this Court granted plaintiff's request to proceed *in forma pauperis*, dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and directed plaintiff to file an amended complaint within 30 days. On July 8, 2010, he filed a letter reiterating his request to regain custody of his children and raising additional issues regarding his own and his mother's illnesses.

      Two months later, plaintiff filed 40 handwritten pages captioned "Amended Complaint," naming the City of New York as defendant. In the Amended Complaint, he claims that his children have been adopted without his consent in violation of his civil rights. (Id. at 23.) He blames law enforcement, the Family Courts, and various New York City agencies, including the New York City Administration for Children's Services ("ACS"), for purposefully failing to share available family relationship information for children removed from their homes in order to "fuel the foster care-adoption system" and "to make ready a fresh crop of adoption children."

(Amended Compl. at 18.) To prove his paternity, plaintiff requests that his children's adoption records be unsealed and that documents listing him as their father be disclosed. He also requests DNA testing. Finally, he seeks money damages calculated according to "the same pay rate the city used to pay for [his children's] foster care." (Amended Compl. at 36.)

Because the Amended Complaint fails to state a claim upon which relief may be granted, it must be dismissed.

## Background

Plaintiff's submission recounts his personal history back to 1996 and tells the story of his relationship with Sonia C. Harper ("Sonia"), the mother of his three children.[1] Plaintiff admits that when his first child was born, Sonia herself interfered with his efforts to establish paternity by tearing up the petition he served on her. (Id. at 10.) He claims, nevertheless, that at the birth of each of child, he signed an acknowledgment of paternity that was not properly recorded. (Id. at 19.)

In May of 2000, plaintiff was visiting his mother in Florida. (Id. at 25.) Sonia was shopping in a Manhattan department store with the three children when one of the children became separated. (Id. at 26.) The store manager called the police, and Sonia was ticketed and later visited by agents from ACS. (Id. at 27.) ACS recommended that Sonia participate in an 18-month parenting program, but she refused, and the children were removed. (Id. At 27-29.)

Since that time, plaintiff alleges that he has attempted to use legal process for years to regain custody. He claims to have initiated an action in New York State Supreme Court, Appellate Division, First Department, Family Unit, that was ultimately dismissed by Chief Judge

---

[1] The extensive submission also includes some advice to the President regarding the war in Iraq.

Judith Kaye. (Id. at 29-30.) He has "appeared before 3 different family court judges" and "made over 18-25 calls to NYC-ACS that the Family Court was aware of." (Id. at 11.) In addition, plaintiff alleges that he has "filed over 50 request [sic] for paternity showing up at each one" even though Sonia did not appear at all of them. (Id. at 10.)

Although plaintiff's papers are difficult to understand, he appears to argue that proof of his paternity that would have prevented his children from being eligible for adoption should have been readily available to any New York City agency and should have been checked. As an example of available proof, he points to five allegedly spurious protection orders Sonia obtained that, according to plaintiff, must have issued based on her admission of his paternity. (Id. at 13-16.) He argues that despite the information in the system proving his paternity, he has never been recognized as a proper party in any of the court proceedings because of the failure of New York City agencies and Family Courts to share familial relationship information. (Id. at 30.)

## Discussion

Even accepting as true all of the allegations plaintiff set forth in the Amended Complaint, and drawing all inferences in his favor, plaintiff has failed to state any claim against defendant for which this Court can grant relief. As the Court previously explained, this Court has no jurisdiction over child custody or determination of parental rights. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) ("The domestic relations exception, as articulated by this Court, . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). It's review is limited to considering whether state procedures for determining parental rights generally comport with the federal constitution. Thomas v. New York City, 814 F. Supp. 1139, 1146-47 (E.D.N.Y. 1993). (finding that the domestic relations exception does not apply to a

challenge to the constitutionality of the state's procedures used to separate a parent from a child). Plaintiff fails, however, to identify any proceeding that either determined a paternal relationship or terminated his parental rights that violated federal due process requirements. To the extent that he seeks to unseal adoption records or to establish paternity, he must direct his request to the state agencies and courts.

## Conclusion

This action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
July 2/, 2011